NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLOW TODD EGGUM, | No. 23-35491 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-01328-RAJ |
| v. | |
| DONALD HOLBROOK, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted August 21, 2024
Seattle, Washington

Before: HAWKINS, McKEOWN, and DE ALBA, Circuit Judges.

Marlow Todd Eggum ("Eggum") appeals the denial of his habeas petition

under 28 U.S.C. § 2254(d), challenging a state stalking conviction that arose from

his repeated harassment of his ex-wife. We review the denial de novo, and for the

reasons below, we affirm. *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir.

2014) (citing *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc)).

---

*  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. First, Eggum argues that his stalking conviction was unsupported by sufficient evidence and, thus, the Washington Court of Appeals' decision affirming his sentence was contrary to (or an unreasonable application of) clearly established federal law, as determined by Supreme Court precedent—specifically, *Jackson v. Virginia*, 443 U.S. 307 (1979); 28 U.S.C. § 2254(d)(1). He is mistaken. The rule in *Jackson* is exceptionally deferential: "*Jackson* says that evidence is sufficient to support a conviction so long as 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Cavazos v. Smith*, 565 U.S. 1, 7 (2011) (quoting *Jackson*, 443 U.S. at 319). The evidence the Washington Court of Appeals relied upon was sufficient to support Eggum's conviction.

The essential elements of Eggum's crime were identified in a state stalking statute, which criminalized "repeated harassment" and expressly incorporated the definition of harassment from another statute. *See* RCW 9A.46.110(1)(a), (6)(c). Under the relevant harassment statute, "unlawful harassment" is defined as any "knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, harasses, or is detrimental to that person, and which serves no legitimate or lawful purpose." RCW 10.14.020(2). "Course of conduct" includes "any . . . form of communication, contact, or conduct, [or] the sending of an electronic communication." RCW 10.14.020(1).

The evidence used to support these elements were letters that Eggum sent to third parties about his ex-wife while he was incarcerated for an earlier stalking conviction. Eggum's chief contentions on appeal are that his prison letters cannot support his present stalking conviction because they were not addressed to his ex-wife, and there was no evidence that he intended the recipients to communicate their content to her. These arguments are unavailing for two reasons.

First, in Washington, harassing conduct need not be personally communicated to its intended target to constitute stalking—communications directed through third parties can amount to harassment and, thus, stalking. *State v. Becklin*, 163 Wash. 2d 519, 527 (2008). Second, Eggum does not dispute the authenticity of his letters, and at least two of them provide a sufficient basis to support his stalking conviction. For example, in a letter to his mother, Eggum states that he has started to distribute pornographic videos of his ex-wife, as well as her address, to recently released sex offenders. In the letter, Eggum expressly requests that this threat be forwarded for his "[ex-wife's] consideration" and "with [his ex-wife] being informed" of his intentions. Moreover, in a separate letter to a local pastor, Eggum strongly implies that he might kill his ex-wife for obtaining a no-contact order. From these communications, a reasonable jury could have determined that Eggum repeatedly directed harassment toward his ex-wife and, thus, was guilty of stalking beyond a reasonable doubt.

Accordingly, the Washington Court of Appeals did not contradict or unreasonably apply *Jackson* by rejecting Eggum's sufficiency claim.

2. In the alternative, Eggum argues that the Washington Court of Appeals' sufficiency determination was unreasonable in light of the evidence presented. Under 28 U.S.C. § 2254(d)(2), we may grant habeas relief if the last-reasoned state court adjudication "was based on an unreasonable determination of the facts in light of the evidence presented." To be considered "unreasonable," the evidence must be "too powerful to conclude anything but" the contrary of the factual determinations reached by the state court. *Miller-El v. Dretke*, 545 U.S. 231, 265 (2005).

The specific determinations at issue are the Washington Court of Appeals' factual findings that Eggum "*clearly* intended" for his recipients to communicate with his ex-wife and that Eggum had a "*consistent message* that [his ex-wife] must be told of the threat to her safety and his plans to release videos." These determinations were not unreasonable in light of the evidence presented. In the letter to his mother, Eggum unequivocally expresses his intent that his ex-wife be informed of his threat. Further, both the letter to his mother and the letter to the local pastor contain threats, which might be reasonably considered a "consistent message." Although more letters might have bolstered this factual determination, Eggum's letters are not "too powerful to conclude" anything but the contrary.

4

Thus, the Washington Court of Appeals' sufficiency determination was not unreasonable.

**AFFIRMED.**